UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZEL BAIN,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-06491-NW<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF No. 1 |

Petitioner Denzel Bain filed a petition for writ a habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release from custody. *See* ECF No. 1. Though Petitioner accepts that his detention is correctly controlled by 8 U.S.C. § 1226(a), and that he received a bond hearing pursuant to that statute, he maintains that his continued detention without further process violates his Fifth Amendment right to due process. *See id.* at 25–27. The Court denies the petition without prejudice.

## I. BACKGROUND

Petitioner is a native of Bahamas who entered the United States in January 2016 pursuant to a B2 visa. ECF No. 11-1 at 2. His visa expired in July 2016, and he did not seek further immigration relief. *Id.* Prior to his detention, he lived with his partner—who is a United States citizen—in Florida. ECF No. 10-2 at 14.

In early January 2026, Petitioner was arrested and charged with false imprisonment and battery following a domestic dispute with his partner. *See id.* at 7–14. All charges against him were dropped several days later. *Id.* at 7. But rather than being released from county jail, he was transferred to ICE custody. ECF No. 11-1 at 2. Petitioner was served with a Notice to Appear,

United States District Court
Eastern District of California

charging him as inadmissible under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa, and placing him into removal proceedings that same day. *See* ECF No. 11-2 at 1–4.

In May 2026, Petitioner received a custody redetermination hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a), and was denied bond on a finding that Petitioner was a danger to the community. *See* ECF No. 11-4 at 1–2. Petitioner moved for a second custody redetermination hearing in July 2026. *See* ECF No. 11-5 at 1–2. The IJ denied the request, finding that Petitioner had not identified any material change in circumstances that would justify provision of a second hearing. *Id.* at 1. Petitioner was ordered removed to Jamaica by an immigration judge in August 2026. *See* ECF No. 12-1 at 1–3. He filed an appeal of the decision with the Board of Immigration Appeals ("BIA"), which remains pending. *See* ECF No. 13-2 at 2. Accordingly, there is no final order of removal in place. *See* 8 C.F.R. § 1241.1(a) ("An order of removal … shall become final … [u]pon dismissal of an appeal by the Board of Immigration Appeals").

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose relief, arguing (1) that Petitioner is properly detained under 8 U.S.C. § 1226(a) and has received the process he is due under that statute, and (2) that he must exhaust

United States District Court
Eastern District of California

his administrative remedies by appealing his bond order to the BIA before seeking relief in habeas. ECF No. 11 at 2–4. Petitioner argues that exhaustion should be excused because the hearing he received was constitutionally inadequate given that the burden of proof was placed on Petitioner. ECF No. 10 at 9–11. To the extent Petitioner challenges the IJ's findings in his petition, he must exhaust his administrative remedies before seeking relief in this court. As to Petitioner's procedural due process claim, he has not shown his continued detention under 8 U.S.C. § 1226(a) is unconstitutional.

**A. Exhaustion**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

To the extent Petitioner challenges the IJ's finding of dangerousness, the *Puga* factors weigh in favor of requiring him to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the

IJ and preclude the need for judicial review.

However, an exception applies to Petitioner's claim that the procedures under § 1226(a), as applied to him, violated his procedural due process rights. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). This type of claim cannot be reviewed by the BIA because it "is well settled that [the BIA] lack[s] jurisdiction to rule on the constitutionality of the [Immigration and Nationality Act] and [its] regulations." *In re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997); *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) ("Clearly the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws"). Accordingly, Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a) may be reviewed by this Court.

**B. Due Process**

Under § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Petitioner contends that his detention under this statute violates due process largely because he bore the burden of proof at his custody redetermination hearing. This argument lacks merit.

Where a noncitizen is detained under § 1226(a), they may request a custody redetermination hearing to challenge their continued detention. 8 C.F.R. § 236.1(d)(1). At the hearing, the detainee bears the burden of demonstrating to the IJ that he "is [not] a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). If the IJ denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). Finally, a detainee may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). Here, Petitioner received this process. In May 2026, he received a custody redetermination hearing upon his request, and he had the right to appeal that decision. He has requested a second hearing once already, which he may do again upon changed circumstances.

The fact that the IJ did not impose a clear and convincing standard on the Government during said hearing does not render Petitioner's detention unconstitutional. The Ninth Circuit has

United States District Court
Eastern District of California

rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence as a general matter. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022); *see also*, *Peter P. v. Blanche*, No. 1:26-CV-03085-MWJS, 2026 WL 1593627, at *3 (E.D. Cal. June 3, 2026) (noting that shifting the burden of proof to the Government in § 1226(a) bond hearings is not required per *Rodriguez Diaz*). And, to the extent Petitioner asserts that he is entitled to a second bond hearing, he has not demonstrated that his case is distinguishable from *Rodriguez Diaz*. There, the Ninth Circuit held that due process did not require a second bond hearing at which the government bears the burden of proof for a petitioner fourteen months after his first § 1226(a) hearing was held. *See Rodriguez Diaz*, 53 F.4th at 1203–14. This is particularly true where Petitioner received a bond hearing only five months ago. *See* 8 C.F.R. § 1003.19(e); *V.G.P. v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-05559-MWJS, 2026 WL 2150782, at 1 (E.D. Cal. July 27, 2026) (finding continued detention under § 1226(a) constitutional where petitioner has received bond hearing and had not requested a further hearing). Accordingly, Petitioner's continued detention under § 1226(a) is constitutional.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DENIED without prejudice to Petitioner filing a renewed habeas petition if his continued detention becomes unconstitutionally prolonged. The Clerk of Court is directed to enter judgment for Respondents and close this case. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Noël Wise
United States District Judge